# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD FLEMING,<br><br>    Plaintiff,<br><br>  v.<br><br>SHERIFF PAZIN,<br><br>    Defendant.<br>_____/ | CASE NO. 1:06-cv-00894-OWW-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST<br><br>(Doc. 1) |

  Plaintiff Arnold Fleming ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132 (Americans with Disabilities Act). Plaintiff filed this action on July 14, 2006, and alleges that his rights under the Eighth Amendment and ADA were violated.

  Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and exhaustion must occur prior to filing suit, McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

///

1    In this instance, plaintiff states in his complaint that the exhaustion requirement does not
2  apply. Plaintiff is suing Merced County Sheriff Pazin for conditions plaintiff was subjected to while
3  in jail and plaintiff filed suit while he was incarcerated. Therefore, the exhaustion requirement
4  applies to this suit. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot
5  be brought in court." Jones v. Bock, Nos. 05-7058, 05-7142, 2007 WL 135890, at *8 (Jan. 22, 2007)
6  (citing Porter, 435 U.S. at 524). Because is it clear from the face of plaintiff's complaint that he did
7  not exhaust prior to filing suit, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v.
8  Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid
9  grounds for dismissal . . . .").

10   Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without
11  prejudice, based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claims
12  prior to filing suit.

13   These Findings and Recommendations will be submitted to the United States District Judge
14  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
15  **days** after being served with these Findings and Recommendations, plaintiff may file written
16  objections with the court. The document should be captioned "Objections to Magistrate Judge's
17  Findings and Recommendations." Plaintiff is advised that failure to file objections within the
18  specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
19  1153 (9th Cir. 1991).

21  IT IS SO ORDERED.

22  **Dated:   February 26, 2007**            /s/ Sandra M. Snyder
    icido3                        UNITED STATES MAGISTRATE JUDGE